# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 30, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TALON S. RILEY,**
**Claimant Below, Petitioner**

**vs.)    No. 18-0586** (BOR Appeal No. 2052309)
(Claim No. 2017001521)

**ALLIANCE COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Talon S. Riley, by Christopher J. Wallace, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alliance Coal, LLC, by Henry C. Bowen, its attorney, filed a timely response.

The issues on appeal are the addition of post-traumatic stress to the claim and temporary total disability benefits. The claims administrator closed the claim for temporary total disability benefits on January 31, 2017. On June 5, 2017, it denied the addition of post-traumatic stress disorder to the claim. The Office of Judges affirmed the decisions in its October 31, 2017, Order. The Order was affirmed by the Board of Review on May 29, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon material misstatements and mischaracterizations of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Riley, a coal miner, was injured in the course of his employment on July 8, 2016, when rocks fell from the ceiling and struck his helmeted head. Treatment notes that day from Allegheny General Hospital indicate Mr. Riley was brought to the emergency room after being hit on the head by a falling rock and losing consciousness. He reported neck pain and numbness in his hands. A cervical MRI; brain CT; and CT of the thoracic, cervical, and lumbar spine were all normal. He was diagnosed with loss of consciousness, closed head injury, neck pain, and bilateral upper

1

extremity numbness. The July 21, 2016, Employees' and Physicians' Report of Injury indicates Mr. Riley lost consciousness when he was struck in the head by falling rocks. The diagnoses were listed as concussion and bilateral upper extremity numbness.

July 25, 2016, treatment notes from Trinity WorkCare indicate Mr. Riley reported neck pain, stiffness, difficulty turning his head, and numbness in his left arm. He was diagnosed with concussion, blunt head trauma, cervical sprain, and bilateral upper extremity numbness. He was told that he would need extensive physical therapy for his neck. He was given medication and told to return in two weeks. The claim was held compensable for concussion and bilateral upper extremity numbness on July 25, 2016.

A September 27, 2016, treatment note by Aaron Orlosky, D.O., indicates Mr. Riley reported headaches, dizziness, weakness, fatigue, neck pain, left hand numbness, behavior problems, sleep problems, memory problems and anxiety. Dr. Orlosky referred him for an MRI, physical therapy, and a consultation with a neuropsychiatrist.

In an independent medical evaluation performed on October 14, 2016, Patricia Bailey, Ph. D., was asked to assess Mr. Riley's cognitive and emotional functioning. Dr. Bailey concluded that he was experiencing anxiety and depression as a result of the compensable injury. She found that he met the criteria for post-traumatic stress disorder and recommended therapy. She opined that his condition renders him temporarily and totally disabled.

Victor Thomas, M.D., performed an independent medical evaluation on January 24, 2017, in which he opined that Mr. Riley had fully recovered from his head injury, cervical strain, and upper extremity numbness. He declined to comment on Mr. Riley's concussion or psychiatric state. Dr. Thomas opined that Mr. Riley had reached maximum medical improvement for his physical injuries and recommended 0% impairment. Based on his report, the claims administrator closed the claim for temporary total disability benefits on January 31, 2017.

Mr. Riley was evaluated by Liv Miller, Psy.D., on March 1, 2017, for a neuropsychological evaluation of concussion, headaches, and emotional distress. Mr. Riley denied all cognitive difficulties except for increased distractibility when he is emotional. He requested that testing stop after an hour because he was unable to finish. Dr. Miller stated that this made the results not interpretable. Dr. Miller observed that Mr. Riley was irritable, frustrated, tearful, and overwhelmed.

Cheryl Hill, M.D., Ph.D., performed an evaluation on March 21, 2017, in which Mr. Riley reported that he has been fearful and suffered from post-traumatic stress disorder since the compensable injury. Dr. Hill diagnosed post-traumatic stress disorder and depressive disorder. She opined that Mr. Riley was temporarily and totally disabled as a result of his psychological conditions. On April 25, 2017, Dr. Hill prepared a second report in which she stated that Mr. Riley's inability to finish psychological testing does not alter his diagnosis. She stated that his prognosis was difficult to determine and recommended he begin therapy. She found a reasonable likelihood that Mr. Riley would develop chronic post-traumatic stress disorder since he did not

receive psychological treatment following the compensable injury. She recommended a reassessment after he underwent therapy.

The claims administrator denied the addition of post-traumatic stress disorder to the claim on June 5, 2017. On October 31, 2017, the Office of Judges affirmed the decision as well as the claims administrator decision closing the claim for temporary total disability benefits. An injured worker is entitled to temporary total disability benefits for the period in which they are unable to work. West Virginia Code § 23-4-1c (2009). Pursuant to West Virginia Code § 23-4-7a (2005), temporary total disability benefits will cease when the claimant has reached maximum medical improvement, has been released to return to work, or has returned to work, whichever occurs first. In this case, the Office of Judges found that the claim was closed based on Dr. Thomas's finding that Mr. Riley had reached maximum medical improvement. Though Drs. Bailey and Hill found Mr. Riley was not at maximum medical improvement due to post-traumatic stress disorder, the condition is not a compensable component of the claim and, therefore, the claim was properly closed for temporary total disability benefits.

In order to add a new compensable condition to a claim, a claimant must meet the same standards as those for compensability. Pursuant to West Virginia Code § 23-4-1 (2008), employees who receive injuries in the course of and as a result of their covered employment are entitled to benefits. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Compensation Commissioner*, 153 W.Va. 796, 172 S.E.2d 698 (1970). In this case, the Office of Judges determined that Mr. Riley was referred to Dr. Bailey to assess his cognitive and emotional functioning. Dr. Bailey found Mr. Riley's psychological conditions rendered him temporarily and totally disabled. She diagnosed post-traumatic stress disorder and depressive disorder as a result of the compensable injury. The Office of Judges found that Dr. Bailey's findings had to be verified, so Mr. Riley was sent to Dr. Miller. At that time, Mr. Riley was unable to complete psychological testing. The results were therefore uninterpretable. Mr. Riley was then seen by Dr. Hill, who diagnosed post-traumatic stress disorder and depressive disorder and opined that his psychological conditions rendered him temporarily and totally disabled. In an addendum, she asserted that Mr. Riley's failure to finish psychological testing did not alter his diagnosis.

The Office of Judges found that West Virginia Code of State Rules § 85-20-12.3 provides that evidentiary weight be given to a report according to how well the evaluation was conducted in accordance with the rules outlined in Exhibits A, B, and C. In this case, the Office of Judges was concerned with Exhibit C, which is a report outline for psychiatric independent medical evaluations. The employer argued before the Office of Judges that Dr. Hill's report fails to comply with West Virginia Code of State Rules § 85-20-12.4 because she failed to explain the facts and circumstances that support the post-traumatic stress disorder diagnosis. The employer further argued that West Virginia Code of State Rules § 85-20-12.7 requires that Mr. Riley undergo psychological assessment. Mr. Riley moved to Florida during this process and failed to report to two independent medical evaluations that he was informed were scheduled with psychiatrist Bobby Miller, M.D.

The Office of Judges found the employer's arguments to be persuasive. It determined that Mr. Riley failed to meet his burden of proof. Though he attended the independent medical evaluation with Dr. Hill, he failed to complete the testing. Therefore, Dr. Hill's report is not fully reliable and did not meet the requirements of West Virginia Code of State Rules § 85-20. It also noted that Mr. Riley also failed to report to the independent medical evaluations the employer scheduled with Dr. Miller. The Board of Review affirmed the Office of Judges' Order. It disagreed with the finding that Dr. Hill's report did not comport with the requirements of West Virginia Code of State Rules § 85-20 but based its affirmation on the other reasoning set forth in the Office of Judges' Order.

After review, we disagree with the Order of the Board of Review. Dr. Bailey performed a complete evaluation of Mr. Riley and determined that he had post-traumatic stress disorder and that the condition rendered him temporarily and totally disabled. Dr. Hill observed Mr. Riley during testing and though he was unable to complete all of the tests that day, Dr. Hill opined that his diagnosis of post-traumatic stress disorder was not affected by his inability to finish the testing. The only physician of record to find that Mr. Riley had reached maximum medical improvement was Dr. Thomas, and he stated that he deferred an opinion on Mr. Riley's psychological state as he was not qualified to give a rating in that area. A preponderance of the evidence indicates that Mr. Riley has post-traumatic stress disorder as a direct result of his compensable injury. However, since the employer did not get an opportunity to have him evaluated by its own physician, the claim is remanded for further evidence in order to obtain a complete and accurate assessment of Mr. Riley's compensable conditions and temporary total disability.

For the foregoing reasons, we find that the decision of the Board of Review is based upon material misstatements and mischaracterizations of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to allow for further development of the evidentiary record, including an independent psychiatric medical evaluation by a physician of the employer's choosing.

Reversed and Remanded.

**ISSUED: May 30, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison